IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISE BERNLOHR MAIZEL AND CHRISTOPHER D. HAMPSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> *Defendant*. | CIVIL ACTION NO. 26-cv-00494 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Elise Bernlohr Maizel and Christopher D. Hampson hereby bring this action against Defendant the United States Equal Employment Opportunity Commission ("EEOC") to compel the immediate production of documents requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As grounds therefor, Plaintiffs state as follows:

**BACKGROUND**

1. On March 6, 2025, President Donald Trump issued an Executive Order directing the EEOC to review the practices of industry leading law firms for compliance with the Civil Rights Act of 1964. Pursuant to this order, the EEOC sent a series of well-publicized letters to twenty prominent law firms criticizing, among other things, those firms' diversity, equity, and inclusion ("DEI") practices. According to the EEOC, by April 2025, several of these law firms had entered "settlement agreements" related to the claims made in the March letters.

2. On May 13, 2025, Plaintiffs submitted a FOIA request to the EEOC seeking documents related to the March letters and the subsequent settlements. On July 21, 2025, the EEOC denied Plaintiffs' FOIA request in full, citing Exemptions 3 and 7(C) to the FOIA.

3. Plaintiffs submitted a timely appeal of the EEOC's denial on August 4, 2025. Under the FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), the EEOC was obligated to make a determination with respect to Plaintiffs' appeal within 20 business days. Despite multiple communications with the EEOC's FOIA office, Plaintiffs' appeal has never been adjudicated.

4. As of the date of this Complaint, Plaintiffs' appeal has awaited a determination for over six months. Accordingly, Plaintiffs now seeks an order compelling the EEOC to comply with the FOIA and produce the requested records in a timely manner.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES[1]**

7. Plaintiff Elise Bernlohr Maizel is an Assistant Professor of Law at Michigan State University College of Law. She is a resident of East Lansing, Michigan. Professor Maizel is a named requester on the May 13, 2025, FOIA Request.

8. Plaintiff Christopher D. Hampson is an Associate Professor of Law at the University of Florida Levin College of Law. He is a resident of Newberry, Florida. Professor Hampson is a named requester on the May 13, 2025, FOIA Request.

---

[1] Plaintiffs bring this action in their individual capacities only, not on behalf of their respective institutions. Institutional affiliation is noted for identification purposes only.

9. Defendant United States Equal Employment Opportunity Commission ("EEOC") is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. EEOC has possession, custody, and control of the records to which Plaintiffs seek access and which are the subject of this Complaint.

## BACKGROUND

### Statutory Framework

10. The FOIA requires each federal agency, upon receiving a request for government records, to either make those records promptly available, 5 U.S.C. § 552(a)(3)(A), or explain why it is withholding the records, 5 U.S.C. § 552(a)(6)(A)(i).

11. Legitimate bases for withholding records include, *inter alia*, the exemptions enumerated in the FOIA at 5 U.S.C. § 552(b)(1-9).

12. As is pertinent to this case, Exemption 3 to the FOIA applies to records "specifically exempted from disclosure by statute . . . , if that statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3)(A)(i).

13. As is further pertinent to this case, Exemption 7(C) to the FOIA applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(c).

14. If an agency withholds records pursuant to these or any other exemptions, it must inform the requester of the right to appeal that decision to the head of the agency. 5 U.S.C. § 552(6)(A)(i)(III)(aa). The agency must issue a determination on any such appeal within 20 business days. 5 U.S.C. § 552(6)(A)(ii).

15. If an agency fails to comply with the provisions of the FOIA, a requester may initiate an action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(4)(B).

## EEOC Letters and Settlements

16. On January 27, 2025, President Donald Trump fired two EEOC commissioners, Charlotte Burrows and Jocelyn Samuels. These firings left only two sitting commissioners on a five-person panel, depriving the EEOC of a working quorum. The quorum was not restored until October 7, 2025, when the United States Senate confirmed Commissioner Brittany Panuccio.

17. On March 6, 2025, President Donald Trump issued an Executive Order titled "Addressing Risks from Perkins Coie LLP."[2] In addition to several directives specifically targeting Perkins Coie, Section 4 of the Executive Order directed the EEOC to review the practices of representative large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964."

18. On March 17, 2025, the EEOC issued a press release stating that Acting Chair Andrea Lucas had "sent letters to twenty law firms requesting information about their diversity, equity and inclusion (DEI) programs."[3] The press release further states the letters were "[b]ased on publicly available information" and "note concerns" about potential violations of Title VII of the Civil Rights Act of 1964. The press release did not state that the EEOC had investigated or charged any of the twenty named law firms.

---

[2] Exec. Order No. 14,230, 90 Fed. Reg. 11781 (Mar. 11, 2025).
[3] *EEOC Acting Chair Andrea Lucas Sends Letters to 20 Law Firms Requesting Information About DEI-Related Employment Practices,* Equal Emp. Opportunity Comm'n (Mar. 17, 2025), https://www.eeoc.gov/newsroom/eeoc-acting-chair-andrea-lucas-sends-letters-20-law-firms-requesting-information-about-dei [https://perma.cc/DP5W-WNNY].

19. The March 17, 2025, press release included a public link to the letters sent to the law firms in PDF format.[4] Each letter contained the following disclaimer: "This letter is exclusively based on publicly available information regarding your firm . . . ." None of the letters stated that the EEOC had investigated or charged any of the recipient law firms.

20. On April 11, 2025, the EEOC issued a press release stating that "[f]our of the world's largest law firms . . . have entered into a settlement agreement with the [EEOC]."[5] The press release named the four firms as Kirkland & Ellis LLP, Latham & Watkins LLP, Simpson Thacher & Bartlett LLP, and A&O Shearman Sterling, LLC. The press release specifically noted the March 17, 2025, letters as the impetus for these settlement agreements. The press release did not state that the EEOC had investigated or charged any of the four named law firms.

21. On information and belief, additional law firms have entered into similar settlement agreements with the EEOC, either in anticipation of or response to the March 17, 2025, letters. For example, according to President Trump's Truth Social account, the EEOC has entered settlements with Paul, Weiss, Rifkind, Wharton & Garrison LLP; Skadden, Arps, Slate, Meagher and Flom LLP; and Milbank LLP.

---

[4] On information and belief, the EEOC disabled public access to the letters sometime after August 4, 2025, the date of Plaintiffs' appeal. A true and correct copy of the PDF can be obtained at https://www.documentcloud.org/documents/25598399-law-firm-letters-03172025/.

[5] *In EEOC Settlement, Four 'BigLaw' Firms Disavow DEI and Affirm Their Commitment to Merit-Based Employment Practices*, Equal Emp. Opportunity Comm'n (Apr. 11, 2025), https://www.eeoc.gov/newsroom/eeoc-settlement-four-biglaw-firms-disavow-dei-and-affirm-their-commitment-merit-based [https://perma.cc/Y5UC-ZTVE].

**Plaintiffs' FOIA Request**

22. On May 13, 2025, Plaintiffs submitted a FOIA request to EEOC seeking records related to the March 17, 2025, letters and the subsequent settlements ("the Request").[6] Specifically, Plaintiffs requested:

    a. All correspondence between the EEOC and any recipient law firms related to the March 17, 2025 letter, including but not limited to answers to questions raised in those letters;

    b. All contracts or other agreements made between the recipient firms and the federal government arising out of the March 17, 2025, letters; and

    c. All records that discuss, describe, or refer to the existence or contents of any such contracts or agreements.

The EEOC acknowledged the Request and assigned it tracking number 820-2025-011745.

23. On June 13, 2025, Plaintiffs received a response from EEOC denying in full the second and third items in the Request.[7] The EEOC cited FOIA Exemptions 3 and 7(C) as its basis for denying the Request.

24. With regard to Exemption 3, the EEOC asserted that "Title VII of the Civil Rights Act, the [Americans with Disabilities Act], and [the Genetic Information Nondiscrimination Act], prohibit the EEOC from producing information in an investigatory or charge file to a third party of the investigation." The EEOC further asserted that 29 C.F.R. § 1610.17(e) prohibited it from making public any information regarding charges or settlements.

---

[6] *See* Attachment A.
[7] *See* Attachment B.

25. With regard to Exemption 7(C), the EEOC asserted that the requested records were compiled pursuant to a civil law enforcement action and contained "statements and identities of witnesses and subjects of an investigation."

26. On July 21, 2025, Plaintiffs received an additional response from EEOC denying in full the first item in the Request.[8] The EEOC cited FOIA Exemption 3 and gave substantially the same reasons as contained in the June 13, 2025, response.

27. On August 4, 2025, Plaintiffs submitted a timely administrative appeal of the EEOC's denial ("the Appeal").[9] With regard to Exemption 3, Plaintiffs argued that the cited statutes only prohibit disclosure of information *after* charges have been filed, an investigation conducted, and reasonable cause found. With regard to Exemption 7(C), Plaintiffs argued that, to the extent exempt material was present in the requested records, the appropriate action would be to segregate and redact such material, not deny the request in full. The EEOC acknowledged the Appeal and assigned it tracking number 820-2025-000768A.

28. On September 2, 2025, the EEOC notified Plaintiffs that, due to the need to consult with other agencies or components, it was extending the timeline for responding to the Appeal by ten working days. The EEOC stated that it would respond to the appeal by September 16, 2025. Plaintiffs confirmed receipt of the extension letter.

29. On September 17, 2025, Plaintiffs emailed EEOC noting that they had not received a response to their appeal and requesting information on when a response would issue. Plaintiffs did not receive a response to this email.

---

[8] *See* Attachment C.
[9] *See* Attachment D.

30. On October 1, 2025, the federal government of the United States shut down after Congress failed to pass an appropriations bill. The shutdown ended on November 12, 2025.

31. On November 24, 2025, Plaintiffs again emailed the EEOC to inquire about the status of their appeal.

32. On November 25, 2025, Plaintiffs received an email from the EEOC stating that the appeal had been reassigned and that an appeal decision was being drafted. The EEOC "anticipate[d] that the draft will be reviewed by upper management either next week or the week after" but did not provide an expected timeline for the decision to issue.

33. On November 26, 2025, Plaintiffs followed up by email, noting that the appeal response deadline had passed prior to the government shutdown and requesting that EEOC prioritize Plaintiffs' request over requests filed after the shutdown began.

34. As of the filing of this Complaint, Plaintiffs have received no further information or communication from EEOC concerning their request.

35. As of the filing of this Complaint, EEOC has not produced any records responsive to Plaintiffs' request, nor has it issued a determination on their appeal.

36. It has now been 131 business days since the Appeal was submitted. Even accounting for the government shutdown between October 1, 2025, and November 12, 2025, the Appeal has been pending for 102 business days.

37. By failing to issue a determination on the Appeal in a timely manner, the EEOC has constructively denied Plaintiff's appeal.

38. Accordingly, Plaintiffs now bring this action pursuant to 5 U.S.C. § 552(a)(4)(B).

## COUNT I: VIOLATION OF THE FREEDOM OF INFORMATION ACT

(5 U.S.C. § 552)

39. The plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 38 above as fully set forth herein.

40. On information and belief, the EEOC possesses records responsive to the Request

41. The EEOC has failed to meet its statutory obligation to make available, in a timely manner, records responsive to the Request, in violation of 5 U.S.C. § 552(a)(3).

42. Moreover, the EEOC has withheld records withhold a proper legal basis, in violation of 5 U.S.C. § 552(a)(8).

43. Moreover, the EEOC has failed to meet its statutory obligation to respond to Plaintiffs' appeal in a timely manner, in violation of 5 U.S.C. § 552(a)(6)(A)(ii).

44. The Plaintiffs have fully exhausted their administrative remedies under 5 U.S.C. (a)(6)(C)(i), as it timely appealed the EEOC denial and the EEOC has failed to comply with the applicable time limits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Declare that Defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(3) and response obligations of 5 U.S.C. §552(a)(6)(A)(ii);

2. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Request and to immediately disclose, in their entirety, all responsive records that are not specifically exempt from disclosure under the FOIA;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and costs; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: February 16, 2026

Respectfully submitted,

/s/ Mason A. Kortz

Mason A. Kortz, #MA0057
Cyberlaw Clinic
Harvard Law School
1557 Massachusetts Avenue, 4th Floor
Cambridge, MA 02138
Tel: 858-922-1990
Email: mkortz@law.harvard.edu

*Counsel for the Plaintiffs*