Christopher D. Hampson
University of Florida
Levin College of Law
309 Village Drive
Gainesville, FL 32611

Elise Bernlohr Maizel
Michigan State University
College of Law
648 N. Shaw Lane
East Lansing, MI 48824

Mason A. Kortz
Harvard Cyberlaw Clinic
Lewis Hall, 4th Floor
1557 Massachusetts Avenue
Cambridge, MA 01238

**May 13, 2025**

Michael L. Heise, Assistant Legal Counsel
U.S. Equal Employment Opportunity Commission
Office of Legal Counsel, FOIA Programs
131 M Street, N.E., Suite 5NW22B
Washington, D.C. 20507

**VIA Email to FOIA@eeoc.gov**

**RE: Request Under Freedom of Information Act (Expedited Processing Requested)**

Dear Ms. Miaskoff,

Professor Christopher D. Hampson, Professor Elise Bernlohr Maizel, and Mason Kortz (collectively, "Requesters") submit this request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Requesters seek communications and agreements between the U.S. Equal Employment Opportunity Commission ("EEOC") and certain law firms. Requesters also seek expedited processing of this Request.

## I.    Definitions

For purposes of this Request, the following terms shall be defined as follows:

- "DEI Letter" shall mean each of the letters from Acting Chair of the EEOC, Andrea R. Lucas, dated March 17, 2025, requesting information about DEI-related employment practices at various law firms, available online at https://www.eeoc.gov/sites/default/files/2025-03/Law_Firm_Letters_-_03.17.2025.pdf.
- "Recipient Firm" shall mean any of the twenty law firms named in a DEI Letter.
- "Settling Firm" shall mean any law firm that has entered into an agreement with the federal government regarding any claim made in a DEI letter. The term "Settling Firm" shall include, but not be limited to, the six law firms whose settlements with the EEOC were announced on or between March 28, 2025 and April 11, 2025: (1) Skadden, Arps, Slate, Meagher & Flom LLP; (2) Milbank LLP; (3) Kirkland & Ellis LLP; (4) A & O Shearman; (5) Simpson Thacher & Bartlett LLP; and (6) Latham & Watkins LLP.
- "Settlement Agreement" shall mean any final contract, memorandum of understanding, or other agreement between a Settling Firm and any member or unit of the federal government regarding any claim made in a DEI letter, signed or unsigned, regardless of format.

## II.    Records Request

Requesters hereby request the following records from March 17, 2025, to the date on which this Request is fulfilled:

1. All correspondence between the EEOC and any of the Recipient Firms related to the DEI Letter, including but not limited to answers to questions raised in the DEI letter;
2. All Settlement Agreements; and
3. All records that discuss, describe, or refer to the existence or contents of any Settlement Agreements.

## III.    Fee Status / Fee Waiver

Requesters ask that fees be limited to standard charges for duplication, as Requesters are all members of "educational . . . institution[s]" and the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II). Professors and other teachers at educational institutions are entitled to reduced fees when "documents sought are in furtherance of the institution's program of scholarly research and not for a commercial use." *Sack v. U.S. Dep't of Def.*, 823 F.3d 687, 690 (D.C. Cir. 2016) (quoting 52 Fed. Reg. 10,012, 10,014 (1987)). Reduced fees are appropriate where a requester "seek[s] the information in connection with his or her role at the educational institution," *id.* at 693, and not for an "overriding commercial interest," *Long v. Dep't of Homeland Sec.*, 113 F. Supp. 3d 100, 105 (D.D.C. 2015).

Here, all three requesters meet this standard. Christopher Hampson is an Assistant Professor of Law at the University of Florida Levin College of Law. Elise Maizel is an Assistant Professor at Michigan State University College of Law. Mason Kortz is a Clinical Instructor and Lecturer on Law at Harvard Law School. Each requester intends to use the records sought in furtherance of academic pursuits, including research and teaching. Requesters are "not remunerated for their work . . . beyond their university salaries" and do not intend to profit from the records themselves or any findings derived therefrom. *Long*, 113 F. Supp. 3d at 105. Accordingly, requesters do not have a commercial interest in the records. *See id.*

Alternatively, Requesters request that any fees associated with the Request be reduced or waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). This Request seeks to bolster public understanding of the government's interpretation of the EEOC's mission and its enforcement of civil rights law against private entities. The DEI Letter has been the subject of significant discussion in popular media[1] and within the legal profession.[2] Since the letter was disseminated, the President has announced

---

[1] *See, e.g.*, Madeleine Ngo, *Trump Administration Questions Law Firms Over D.E.I. Employment Practices*, NEW YORK TIMES (Mar. 17, 2025), https://www.nytimes.com/2025/03/17/us/politics/trump-dei-perkins-coie-law-firms.html.

[2] *See, e.g.*, Amanda Robert & Stolley Persky, *EEOC chair requested 'extensive' info from law firms on DEI practices and hiring; did it cross a line?*, ABA JOURNAL (March 20, 2025), https://www.abajournal.com/web/article/legal-experts-former-eeoc-officials-voice-concerns-over-agencys-request-for-extensive-personal-information.

deals with multiple law firms regarding DEI practices.[3] However, reporting on these deals have contained only high level information.[4] Requesters as legal academics, instructors, and practitioners, hope to analyze these deals in depth and provide their findings to the legal community and the general public.

## IV.    Expedited Processing

The Requestors ask for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E). There is a "compelling need" for these records because the information requested is "urgen[tly]" needed by requesters "to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C § 552(a)(6)(E)(v)(II).

Attorneys and clients are making choices about which firms to associate with (or dissociate themselves from) based on incomplete information about agreements between private law firms and the federal government.[5] As legal academics, Requesters need the requested records to provide an accurate assessment of the actual contents of those agreements—an assessment that, to date, has not been performed. Moreover, law students have been put in the position of making career-altering decisions based on brief, possibly one-sided descriptions of law firms' positions.[6] As teachers responsible for guiding the next generation of lawyers, Requesters urgently need the requested records to verify what these firms have, or have not, agreed to do.

## V.    Request for Records in Electronic Format

Requestors request that responsive records be provided electronically in their native file format, if possible. *See* 5 U.S.C. § 552(a)(3)(B). Alternatively, Requestors request that the records be provided electronically in text-searchable PDF, in the best image quality in DHS' possession, and in separate, Bates-stamped files. If records are produced on physical media, please furnish the records to:

Mason A. Kortz
Harvard Cyberlaw Clinic
Reginald F. Lewis Hall, 4th Floor
1557 Massachusetts Ave.
Cambridge, MA 02138

---

[3] *See* Eric Tucker, *Trump reaches deals with 5 law firms, allowing them to avoid prospect of punishing executive orders*, AP NEWS (April 11, 2025), https://apnews.com/article/trump-law-firms-executive-order-fe8f38a61cf77c5bb6add1315f5f96f1.

[4] *See* Brian Baxter & Meghan Tribe, Trump's Big Law Deals Spell Out Broad Enforcement Terms, Bloomberg Law (May 2, 2025), https://news.bloomberglaw.com/business-and-practice/trumps-big-law-deals-spell-out-broad-enforcement-terms.

[5] *See* Sara Merken & Mike Scarcella, *Law firms' deals with Trump roil their staff, deepen industry rifts*, REUTERS (Apr. 15, 2025), https://www.reuters.com/legal/government/law-firms-deals-with-trump-roil-their-staff-deepen-industry-rifts-2025-04-14/.

[6] *See* Adam Klasfeld, *Law students organize to give Trump-caving firms a recruitment problem*, ALL RISE NEWS (Apr. 24, 2025), https://www.allrisenews.com/p/skadden-students-georgetown.

***

If this FOIA request is denied in whole or in part, please provide the reasons for the denial, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). In addition, please release all segregable portions of otherwise exempt material in accordance with 5 U.S.C. § 552(b).

Thank you for your consideration of this request. If you have any questions about the Request, please do not hesitate to contact Requesters at hampson@law.ufl.edu, maizelel@law.msu.edu, and mkortz@law.harvard.edu.

Yours,

/s/ Christopher D. Hampson

Christopher D. Hampson
University of Florida Levin College of Law

/s/ Elise Bernlohr Maizel

Elise Bernlohr Maizel
Michigan State University College of Law

/s/ Mason A. Kortz

Mason A. Kortz
Harvard Law School

4