

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Legal Counsel**

131 M St, N. E., Fifth Floor
Washington, D. C.  20507
Free: (833) 827-2920
ASL: (844) 234-5122
FAX: (202) 827-7545
Website: www.eeoc.gov

June 13, 2025

To:

Christopher D. Hampson
UNIVERSITY OF FLORIDA
Levin College of Law
309 Village Dr.
Gainesville, FL 32611
hampson@law.ufl.edu

Elise Bernlohr Maizel
MICHIGAN STATE UNIVERSITY
College of Law
648 N. Shaw Ln.
East Lansing, MI 48824
maizelel@law.msu.edu

Mason A. Kortz
HARVARD CYBERLAW CLINIC
Lewis Hall, 4th Fl.
1557 Massachusetts Ave.
Cambridge, MA 01238
mkrotz@law.harvard.edu

Re:

FOIA No.: **820-2025-011745**

Your FREEDOM OF INFORMATION ACT (FOIA) request, received on May 13, 2025, seeks the following records:

[F]rom March 17, 2025, to the date on which this Request is fulfilled:

1. All correspondence between the EEOC and any of the Recipient Firms related to the DEI Letter, including but not limited to answers to questions raised in the DEI letter,

2. All Settlement Agreements, and

3. All records that discuss, describe, or refer to the existence or contents of any Settlement Agreements.

You also seek expedited processing, a fee waiver, and have self-identified as an educational requester for fee purposes. For the following reasons, your request for expedited processing is denied, and items 2 and 3 are fully denied pursuant to FOIA Exemptions 3 and 7(C).

*Expedited Processing Denied*

Your justification for expedited processing is:

The Requestors ask for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E). There is a "compelling need" for these records because the information requested is "urgen[tly]" needed by requesters "to inform the public concerning actual or alleged Federal Government activity. 5 U.S.C § 552(a)(6)(E)(v)(II).

Attorneys and clients are making choices about which firms to associate with (or dissociate themselves from) based on incomplete information about agreements between private law firms and the federal government.[1] As legal academics, Requesters need the requested records to provide an accurate assessment of the actual contents of those agreements – an assessment that, to date, has not been performed. Moreover, law students have been put in the position of making career-altering decisions based on brief, possibly one-sided descriptions of law firms' positions.[2] As teachers responsible for guiding the next generation of lawyers, Requesters urgently need the requested records to verify what these firms have, or have not, agreed to do.

---

[1] You cite Sara Merken & Mike Scarcella, *Law firms' deals with Trump roil their staff, deepen industry rifts*, REUTERS (Apr. 15, 2025), https://www.reuters.com/legal/government/law-firms-deals-with-trump-roil-their-staff-deepenindustry-rifts-2025-04-14/.
[2] You cite Adam Klasfeld, *Law students organize to give Trump-caving firms a recruitment problem*, ALL RISE NEWS (Apr. 24, 2025), https://www.allrisenews.com/p/skadden-students-georgetown.

820-2025-011745

Expedited processing is warranted only "in cases in which the person requesting the records demonstrates a compelling need."[3] The FOIA defines "compelling need" as follows:

1. failure to obtain the records on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

2. requester is a person primarily engaged in disseminating information, and there is an urgency to inform the public concerning actual or alleged Federal government activity.[4]

The standard of 'primarily engaged' requires that information dissemination be the main activity of the requestor, and a requestor who only incidentally engages in information dissemination does not satisfy this requirement.[5] Congress intended its rule allowing expedited processing to be "'narrowly applied'" because "'given the finite resources available for filing FOIA requests, unduly generous application of the expedited processing procedure would unfairly disadvantage other requesters who do not qualify for this treatment.'"[6]

The focus of your expedited processing justification is on the "urgency to inform" prong of the second factor. Even assuming, *arguendo*, that there is a compelling need for the requested records, nowhere in your justification for expedited processing do you represent that you are "a person primarily engaged in disseminating information" which is a necessary predicate to the "urgency to inform" standard. Consequently, your request for expedited processing is denied.[7]

### *Fee Category and Waiver*

We agree that you are an "educational" requester for fee purposes. Since we do not anticipate duplication fees, our office need not decide the fee waiver issue at this time.

### *Items 2 and 3 Fully Denied Pursuant to FOIA Exemptions 3 and 7(C)*

Item 2 seeks "[a]ll Settlement Agreements", and Item 3 asks for "[a]ll records that discuss, describe, or refer to the existence or contents of" those settlement agreements. These items are fully denied under FOIA Exemptions (b)(3)(A)(i) and (b)(7)(C).

The confidentiality provisions of Title VII of the Civil Rights Act, the ADA, and GINA, prohibit the EEOC from producing information in an investigatory or charge file to a third party of the investigation. The third exemption to the FOIA exempts this information from disclosure. The seventh exemption to the FOIA permits the agency to withhold information compiled in investigative files where disclosure of such information could result in an unwarranted invasion of personal privacy.

EEOC regulation 29 C.F.R. § 1610.17(e) specifically states that the EEOC "shall not make public charges which have been filed," and "nothing said or done during and as a part of the Commission's endeavors to eliminate any alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion may be made public by the Commission without the written consent of the parties concerned." Under 29 C.F.R. § 1610.17(e) the EEOC must not, if any were to exist, provide the requested information.

---

[3] *Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't*, 236 F. Supp. 3d 810, 815-16 (S.D.N.Y. Feb. 17, 2017) (citing 5 U.S.C. §§ 552(a)(6)(E)(i)-(I)).

[4] *Id.* (citing §§ 552(a)(6)(E)(v)). See also 29 C.F.R. § § 1610.9(f)(1)(i)-(ii).

[5] H.R. REP. 104-795, 26, 1996 U.S.C.C.A.N. 3448, 3469 ("A person 'primarily engaged' in the dissemination of information should not include individuals who are engaged only incidentally in the dissemination of information. The standard of 'primarily engaged' requires that information dissemination be the main activity of the requestor, although it need not be their sole occupation. A requestor who only incidentally engages in information dissemination, besides other activities, would not satisfy this requirement."). See also *Am. Civil Liberties Union of N. Cal. v. Dep't of Justice* (*ACLU*), No. 04–4447 PJH, 2005 WL 588354 at *9 (N.D. Cal. Mar. 11, 2005) ("[I]nformation dissemination must be *the* main activity of the requester—though it need not be his/her/its sole occupation.") [Emphasis in original]

[6] *ACLU* at *2 (citing *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001)).

[7] We note that you also failed to provide "a statement, ***certified to be true and correct***, explaining in detail the basis for making the request for expedited processing." 29 C.F.R. § 1610.9(f)(3). [Emphasis supplied]

820-2025-011745

Exemption (b)(3)(A)(i) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3)(A)(i) (2006), amended by OPEN FOIA Act of 2009, Pub. L. No. 111-83, 123 Stat. 2142, 2184, states that disclosure is not required for a matter specifically exempted from disclosure by statute if that statute:

> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue[.]

Sections 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(b), 2000e-8(e)(1982), are part of such a statute. Section 706(b) provides that:

> Charges shall not be made public by the Commission . . . . Nothing said or done during and as a part of [the Commission's informal endeavors at resolving charges of discrimination] may be made public . . . .

Section 709(e) of Title VII provides:

> It shall be unlawful for any officer of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section [to investigate charges of discrimination and to require employers to maintain and submit records] prior to the institution of any proceeding under this title involving such information.

Section 107 of the Americans with Disabilities Act (ADA) and § 207 of the Genetic Information Nondiscrimination Act adopt the procedures of sections 706 and 709 of Title VII. See *EEOC v. Associated Dry Goods Co*., 449 U.S. 590 (1981); *Frito-Lay v. EEOC*, 964 F. Supp. 236, 239-43 (W.D. Ky. 1997); *American Centennial Insurance Co. v. EEOC*, 722 F. Supp. 180 (D.N.J. 1989); and *EEOC v. City of Milwaukee*, 54 F. Supp. 2d 885, 893 (E.D. Wis. 1999).

**INFORMATION WITHHELD PURSUANT TO FOIA EXEMPTION THREE:**

- **Existence of any Title VII, ADA, and/or GINA complaint, settlement agreement and/or charge information to which you are not, or do not represent, a party.**

Exemption (b)(7)(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (2006), amended by OPEN Government Act of 2007. Pub. L. No. 110-175, 121 Stat. 2524, authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . .

The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. *Abraham & Rose, P.L.C. v. United States*, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. *National Labor Relations Board v. Robbins Tire and Rubber Co*., 437 U.S. 214, 239 (1978); *Manna v. United States Dept. of Justice*, 51 F.3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods." *L&C Marine Transport, Ltd. v. United States*, 740 F.2d 919, 923 (11th Cir. 1984).

The Supreme Court has explained that only "official information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).

**INFORMATION WITHHELD PURSUANT TO FOIA EXEMPTION 7(C):**

- **Any settlement agreements between the Commission and a law firm as reflected on page**

820-2025-011745

**one of your request because you are not a party. Disclosure could reasonably be expected to constitute an unwarranted invasion of privacy.**

Item 1 remains open and is assigned to the "Complex" track. It will be processed by Michael L. Heise, Assistant Legal Counsel of the FOIA Division. He can be reached at michael.heise@eeoc.gov or 202.921.2681.

EEOC will make every effort to issue a determination on your request on or before June 26, 2025. FOIA and EEOC regulations, at 29 C.F.R. § 1610.9(d), provide 20 working days to issue a determination on a request, not including Saturdays, Sundays and federal holidays. As provided in 5 U.S.C. § 552(a)(6)(B)(2016), due to unusual circumstances we hereby provide you with the required written notice that we are extending by ten (10) working days the time in which we shall respond based upon:

- the need to search for and collect the requested records, if any exist, from field offices or other establishments that are separate from this office, or

- the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request, or

- the need for consultation with another agency, or two or more components of this agency, having a substantial interest in the determination of the request.

You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448.

The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 827-7545.

If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 827-7545. Your appeal will be governed by 29 C.F.R. § 1610.11.

Sincerely,

*Michael L. Heise, Esq*

Michael L. Heise
Assistant Legal Counsel | FOIA Division
FOIA@eeoc.gov